In the Matter of BURT J. VALVO, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, December 30, 1992

**APPEARANCES OF COUNSEL**

*Gerard M. LaRusso,* Buffalo, for petitioner.

*Robert H. Daley,* Fredonia, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to practice by this Court on December 9, 1963 and has maintained an office for the prac-

tice of law in the Town of Forestville, New York. Respondent was charged with four incidents of professional misconduct alleging violations of the following Disciplinary Rules of the Code of Professional Responsibility: DR 5-105 (A), (B)—by accepting and continuing employment while the interest of another client adversely affected his independent professional judgment; DR 7-102 (A) (3)—by concealing and knowingly failing to disclose that which he is required by law to reveal; DR 9-101—by failing to avoid the appearance of impropriety; DR 5-101 (A)—by accepting employment when the exercise of his professional judgment was adversely affected by his own personal interest; DR 1-102 (A) (5)—by engaging in conduct that is prejudicial to the administration of justice; DR 1-102 (A) (6)—by engaging in conduct that adversely reflects on his fitness to practice law; and DR 1-102 (A) (4)—by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

In his answer, respondent substantially admitted the material allegations set forth in the petition, but requested a mitigation hearing. A hearing was thereafter held wherein, in addition to evidence submitted in mitigation, proof was submitted which either clarified the allegations not fully admitted or amplified the circumstances connected with his admissions.

We confirm the Referee's report. Based upon the admissions and facts found by the Referee, we conclude that the charges of professional misconduct have been sustained. We have considered petitioner's evidence submitted in mitigation, consisting of proof of good character and long-time reputation for truth and honesty. Nevertheless, respondent's conduct seriously affected the administration of justice, adversely affected his clients' interests, and compelled others to incur needless expense in unnecessary litigation.

Accordingly, respondent should be suspended for a period of two years and until further order of this Court.

BOOMER, J. P., PINE, BALIO, LAWTON and DAVIS, JJ., concur.

Order of suspension entered.